IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM N. GRIFFIN,

      Plaintiff,

vs.                                                                               No. CIV 13-0799 JB/GBW

DANIEL A. BRYANT, individually and in his
capacity as Attorney for the Village of Ruidoso;
DANIEL A BRYANT, PC, a New Mexico
professional corporation; GUS R. ALBORN,
individually and in his capacity as Mayor of the
Village of Ruidoso; DEBI LEE, individually
and in her capacity as Manager of the Village in
Ruidoso; IRMA DEVINE, individually and in
her capacity as Clerk for the Village of Ruidoso;
VILLAGE OF RUIDOSO, a Municipal
corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

**THIS MATTER** comes before the Court on the Plaintiff's Response to Proposed Findings and Recommended Disposition, filed May 19, 2016 (Doc. 64)("Objections"). The Honorable Gregory B. Wormuth, United States Magistrate Judge, filed the Proposed Findings and Recommended Disposition on May 5, 2016 (Doc. 63)("PFRD"), concluding that Defendants Daniel Bryant and Daniel A. Bryant, P.C. (hereinafter "Mr. Bryant") are entitled to summary judgment as to Counts 1 and 2 of Plaintiff William N. Griffin's Complaint for Violation of Civil Rights, Damages, and for Declaratory and Injunctive Relief, filed August 27, 2013 (Doc. 1)("Complaint"), and that, as to Counts 3 and 4, the Court should find that the claims are fully and finally adjudicated as they apply to Mr. Bryant. In his Response, Griffin objects to certain

portions of the PFRD.  No other party has filed objections.  Having reviewed the PFRD and Griffin's Objections, the Court will adopt the PFRD.

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) governs objections:  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir.

1996) ("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

      The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."  One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795,796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

>Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to

address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate, . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676)(emphasis omitted).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which

discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

### LAW REGARDING THE APPLICATION OF LAW-OF-THE-CASE DOCTRINE TO INTERLOCUTORY ORDERS

"Generally, the 'law of the case' doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case." Been v. O.K. Indus., 495 F.3d 1217, 1224 (10th Cir. 2007)(citing Homans v. City of Albuquerque, 366 F.3d 900, 904 (10th Cir. 2004)). Unlike vertical stare decisis, however, "the rule is a flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of judicial power." Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 823 (10th Cir. 2007)(stating that the doctrine is merely a "presumption, one whose strength varies with the circumstances"). District courts should depart from an appellate court's ruling on the same case only in a few exceptionally narrow circumstances: (i) "when the evidence in a

---

is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

subsequent trial is substantially different;" (ii) "when controlling authority has subsequently made a contrary decision of the law applicable to such issues;" or (iii) "when the decision was clearly erroneous and would work a manifest injustice." McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1035 (10th Cir. 2000)(quoting United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir. 1998)).

"On the other hand, district courts generally remain free to reconsider their earlier interlocutory orders." Been v. O.K. Indus., 495 F.3d at 1225.  In fact, in the Tenth Circuit, "law of the case doctrine has no bearing on the revisiting of interlocutory orders, even when a case has been reassigned from one judge to another." Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1252 (10th Cir. 2011)(emphasis added)(citing Been v. O.K. Indus., Inc., 495 F.3d at 1225).

## ANALYSIS

The Court has carefully reviewed: (i) all pleadings and attached documents; (ii) all briefing submitted to Judge Wormuth; (iii) the PFRD; and (iv) the Objections.  After reviewing Griffin's Objections, the Court overrules them.

### I.    THE DISPUTED FINDINGS.

Griffin disputes several of the PFRD's proposed findings.  The Court has reviewed each objection.  The Court overrules them as either meritless or immaterial.

#### A.    THE COURT WILL OVERRULE GRIFFIN'S OBJECTIONS TO RECOMMENDED FINDING 5.

The proposed finding is as follows: "Any individual who wants to address the Village Council at the meeting regarding an item that is not on the agenda has the opportunity to speak during the 'Public Input' portion of the meeting." PFRD Finding No. 5, at 7.  Griffin contends that this proposed finding "misstates the [] provision for Public Input." Objections at 1.  Plaintiff

notes that the Ruidoso Village Council Resolution[4] does not "expressly provide[] the alternative channel of communication to agenda placement as 'the public input portion' of the Village meeting." Objections at 2. The proposed finding does not assert that the Resolution **expressly** provides for the opportunity to speak in the Public Input time when denied placement on the agenda. Nonetheless, the record is clear that any person, whether they are denied placement on the agenda or not, is permitted to speak in the Public Input portion of the meeting. In fact, Griffin himself was given the opportunity to speak. Accordingly, the Court will overrule this objection.

### B. THE COURT WILL OVERRULE GRIFFIN'S OBJECTIONS TO RECOMMENDED FINDING 6.

Griffin "disputes that part of Finding Number 6 which appears to suggest that the 'guidelines' set out for speakers seeking to use the public input forum should automatically apply to the public forum created for agenda placement." Objections at 2. The proposed finding, however, sets out only the guidelines that apply to the "Public Input" portion of the meeting. See PFRD at 7. The proposed finding makes no statement about its broader applicability. Griffin's Objection appears to be based on his disagreement with the Court's legal analysis that the Village Meeting constitutes a single forum and not two distinct fora. As an Objection to the proposed **factual** finding, it is without a sound basis in the facts and the Court overrules the Objection.

---

[4]Throughout the course of 2011 and 2012, the Village of Ruidoso passed four separate resolutions, beginning with Resolution 2011-02, addressing the procedures pertaining to Village of Ruidoso City Council meetings.

### C. THE COURT OVERRULES GRIFFIN'S OBJECTION TO RECOMMENDED FINDINGS 13, 14, 15, 16, 17.

Griffin states that he disputes each of these proposed factual findings. See Objections at 2-3. The explanation of his disputes, however, does not address the facts in the proposed findings. Instead, each of the disputes centers on Judge Wormuth's legal analysis of the significance of those facts. As Objections to the proposed **factual** findings, they are without a sound basis in the facts, and the Court overrules them.

## II. THE COURT WILL OVERRULE GRIFFIN'S OBJECTIONS TO THE LEGAL ANALYSIS.

The Court has carefully reviewed Griffin's Objections to the legal analysis. Because the Court has already considered Griffin's Objections regarding Count 1, and because the Court's analysis remains correct, the Court overrules Griffin's Objections to Count 1. Similarly, the Court overrules Griffin's Objections -- to the extent he raises them -- relating to Counts 3 and 4, because Griffin's Objection to the Court's forum analysis does not carry over to Counts 3 and 4.

### A. THE COURT WILL OVERRULE GRIFFIN'S OBJECTIONS TO THE PFRD'S RECOMMENDATIONS REGARDING COUNT 1.

The Court has already granted summary judgment on Count 1 to the Ruidoso Defendants.[5] See Memorandum Opinion and Order Adopting in Part Magistrate Judge's Proposed Findings and Recommended Disposition at 43, filed June 18, 2014 (Doc. 30)("MOO"). This result followed from the Court's conclusion that Plaintiff "has failed to demonstrate that his

---

[5] The "Ruidoso Defendants" include Defendant Mayor Raymond Alborn, Debi Lee, Irma Devine (all in both their individual and official capacity), and the Village of Ruidoso.

- 11 -

speech was restricted" by the Governing Body's[6] refusal to put him on the agenda.  MOO at 84.  Mr. Bryant asks the Court, pursuant to the law of the case doctrine, to dismiss Count 1 as to him.

Griffin presents no argument that the facts or law require a different result for Mr. Bryant than the one for the Ruidoso Defendants.  Instead, presumably to preserve his opportunity to appeal, Griffin objects to the reapplication of two holdings contained within the Court's opinion regarding the Ruidoso Defendants.

First, Griffin argues that the Court previously erred when it held that the Governing Body meetings were limited public forums.  See Objections at 8-13.  Having reviewed Griffin's argument on this point, the Court remains persuaded of its previous analysis.  See MOO at 54-58 ("Neither the Governing Body meeting as a whole nor the public comment portion constitutes an 'intentional opening [of] a nontraditional public forum.'").  Griffin's main argument is that the Court did not consider the Governing Body's intent in determining the type of forum.  See Objections at 7-8.  The Court, however, expressly considered the Governing Body's intent.  See MOO at 55-56 (describing the importance of considering "the intent of the relevant governmental entity," the Governing Body's "core pursuit" to make decisions and conduct business, and the Governing Body's intentional choices to open meetings in a limited way to obtain its constituents' opinions).  Moreover, even if the Court agreed with Griffin that the Governing Body meetings were designated public forums, the Court has concluded that the restrictions of which Griffin complains would survive the strict scrutiny standard which would then be applied.  See MOO at 85-86 (explaining that the "only cognizable restriction Griffin suffered . . . was the imposition of a five-minute time limit," but that "such a time limit is

---

[6]The "Governing Body" refers to the Village Council. The Resolutions use the former term, and so will the Court. See MOO at 43 n.13. The Governing Body is composed of the Mayor of Ruidoso and six Councilors. See Village Council, Ruidoso New Mexico: Living in Nature's Playground, http://Ruidoso-nm.gov/village-council.html.

constitutional even under the strict scrutiny standard"). Furthermore, although the Tenth Circuit has refrained from categorizing city council meetings, the Court's conclusion "comports with every United States Court of Appeals that has decided the issue: the Fourth, Fifth, Ninth, and Eleventh Circuits." MOO at 57.

Second, Griffin argues that the Court previously erred when it considered the Governing Body meeting as a single forum. See Objections at 13-16. Griffin argues, as he did in his Objections to the PFRD regarding the Ruidoso Defendants' Motion for Summary Judgment, see Response to Proposed Findings and Recommended Disposition at 10-12, filed February 26, 2014 (Doc. 29), that the agenda portion of the meeting is a separate forum from the public input section. Having reviewed Griffin's argument on this point, the Court remains persuaded of its previous analysis that the meetings were limited public forums. See MOO at 84-86. Moreover, even if two forums existed, "Griffin has failed to demonstrate that his speech was restricted." MOO at 84.

Because the Court's earlier analysis of Count 1 as to the Ruidoso Defendants is correct, and because Griffin offers no sound reason that the facts or law should lead to a different result for Mr. Bryant, Griffin's objection to granting summary judgment to the Bryant Defendants on Count 1 is overruled.

### B. THE COURT OVERRULES GRIFFIN'S OBJECTIONS TO THE PFRD's RECOMMENDATIONS REGARDING COUNTS 3 AND 4.

While Griffin makes no express objection to the PFRD's recommendations as to Counts 3 and 4, he asserts that their resolution "hinges . . . upon the determination of whether the forum was a designated public forum, or merely a limited one." Objections at 16. Griffin is mistaken. The recommendation in the PFRD regarding these counts was as follows:

> Both Count 3 and Count 4 are directed at Defendant Village of Ruidoso and not at the Bryant Defendants. *See doc. 1* at 17-19 [Complaint]. Moreover, to the extent that they are directed at the Bryant Defendants, the Court has adjudicated them. *See doc. 30* at 88 ("Defendant Village of Ruidoso <u>and its agents</u> are enjoined from enforcing Section 5Ff of the Village of Ruidoso Resolution 2012-16") (emphasis added). Therefore, the undersigned recommends that the Court find that Counts 3 and 4 are fully and finally adjudicated as to the Bryant Defendants.

PFRD at 16. Griffin does not object to this conclusion, and the Court concludes that it is correct. Thus, Griffin's Objection to the Court's forum analysis does not carry over to Counts 3 and 4 as to Mr. Bryant. To the extent that Griffin intended to raise an objection, it is overruled.

**IT IS ORDERED** that the Objections in the Plaintiff's Response to Proposed Findings and Recommended Disposition, filed May 19, 2016 (Doc. 64), are overruled. The Court adopts the Proposed Findings and Recommended Disposition, filed May 5, 2016 (Doc. 63). Daniel Bryant and Daniel A. Bryant, P.C.'s Motion for Summary Judgment, filed January 21, 2016 (Doc. 44), is granted. As to Daniel Bryant and Daniel A. Bryant, P.C., Counts 1 and 2 are dismissed with prejudice. With respect to Count 3 -- Declaratory Relief, and Count 4 -- Injunctive Relief, the Court concludes that the claims are fully and finally adjudicated as they apply to Daniel Bryant and Daniel A. Bryant, P.C.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

William N. Griffin
Ruidoso, New Mexico

    *Plaintiff pro se*

Terry R. Guebert
David C. Odegard
Guebert Bruckner PC
Albuquerque, New Mexico

    *Attorneys for Defendants Daniel A. Bryant and Daniel A. Bryant, PC*

Richard E. Olson
Stephen Shanor
Hinkle, Hensley, Shanor & Martin, LLP
Roswell, New Mexico

    *Attorneys for Defendants Gus R. Alborn, Debi Lee, Irma Devine, and the Village of Ruidoso*